Doren E. Hohl

NOV 0 5 2019

SERVICE OF PROCESS

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

October 30, 2019

Mid-Century Insurance Company
6301 Owensmouth Avenue Attn Doren Hohl
Woodland Hills, CA  91367
NAIC # 21687

Certified Mail
Return Receipt Requested
7018 2290 0001 0480 2503
Cashier # 50102

Re:   Sonia Ahn And John Ahn   V.   Mid-Century Insurance Company

Docket # Ct-4613-19

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 29, 2019, on your behalf in connection with th above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _QT-24613-19_    ◉ Lawsuit    ◯ Divorce    Ad Damnum $ _____

| Sonia Ahn and John Ahn | VS | Kevin Ragghianti | Doren E. Hohl<br>NOV. 0 5 2019<br>SERVICE OF PROCESS |
|---|---|---|---|
| Plaintiff(s) | | Defendant(s) | |

TO: (Name and Address of Defendant (One defendant per summons))

Farmers Insurance Company, Inc. through the Tennessee
Commissioner of Insurance
Policy #: 19130-13-01

**Method of Service:**
◯ Certified Mail
◯ Shelby County Sheriff
◉ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Josh Cannon/Bailey & Greer PLLC    Plaintiff's

attorney, whose address is 6256 Poplar Ave Memphis TN 38119

telephone 901-680-9777    within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _10/21/19_    By _____ , D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____ , D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

_____          Sheriff or other authorized person to serve process
Signature of person accepting service

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

                                                        Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SONIA AHN and JOHN AHN,

    Plaintiffs,

v.

KEVIN RAGGHIANTI,

    Defendant.

No. CT-4613-19

Div. I

JURY DEMANDED

Doren E. Hohl

NOV 0 5 2019

SERVICE OF PROCESS

## COMPLAINT

COME NOW the Plaintiffs, by and through the undersigned attorney of record, and for the cause of action against Defendant would respectfully state as follows:

### PARTIES

1. Plaintiff Sonia Ahn is an adult resident of St. Charles County, Missouri. At all times material hereto, Plaintiff Sonia Ahn was and is married to Plaintiff John Ahn.

2. Plaintiff John Ahn is an adult resident of St. Charles County, Missouri. At all times material hereto, Plaintiff John Ahn was and is married to Plaintiff Sonia Ahn.

3. Defendant Kevin Ragghianti is an adult resident of Shelby County, Tennessee, residing therein 1587 Cherry Road, Memphis, Tennessee 38117-6953.

### JURISDICTION AND VENUE

4. This Court has jurisdiction.

5. Venue is proper in Shelby County.

6. This Complaint was filed within the applicable statute of limitations.

7. Defendant Kevin Ragghianti was properly served with process.

1

## FACTUAL ALLEGATIONS

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

8. This cause of action arises from a collision between a vehicle owned and operated by Plaintiff Sonia Ahn, a vehicle owned and operated by Jessica Conrad, and a vehicle owned and operated by Defendant Kevin Ragghianti. Jessica Conrad is not a party to this action.

9. The collision occurred on or about October 25, 2018, at approximately 4:59 p.m., on Weaver Road, north of Clinton Road in Shelby County, Tennessee.

10. On or about October 25, 2018, at approximately 4:59 p.m., Defendant Kevin Ragghianti was traveling northbound on Weaver Road.

11. At the same time, Plaintiff Sonia Ahn was traveling southbound on Weaver Road immediately behind Jessica Conrad's vehicle when Defendant Kevin Ragghianti drove from the northbound lane of Weaver Road into the southbound lane and stuck Jessica Conrad's vehicle.

12. As a result of the collision, a tire became detached from Jessica Conrad's vehicle.

13. Plaintiff Sonia Ahn was unable to avoid the detached tire and struck the detached tire with her vehicle.

14. As a direct and proximate result of the collision, Plaintiff Sonia Ahn suffered injuries which required medical attention.

15. At the time of the collision, Defendant Kevin Ragghianti was required to pay attention to the road and to other vehicles at all times.

16. At the time of the collision, Defendant Kevin Ragghianti was required to operate his vehicle with the degree of care required of a reasonable and prudent person under similar

2

circumstances.

17.     At all times material hereto, Plaintiff Sonia Ahn was operating her vehicle in a lawful, prudent, and cautious manner and was in no way negligent.

## LIABILITY

Plaintiffs incorporate by reference as if fully set forth verbatim each any every allegation in the Complaint.

18.     Defendant Kevin Rigghianti owed a duty to Plaintiffs to act reasonably under the circumstances that existed at the time of the wreck.

19.     Defendant Kevin Rigghianti breached this common law duty of care in each of, but not limited to the following ways:

    a.    Failed to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances;

    b.    Failed to maintain the vehicle he was operating under due and reasonable control;

    c.    Failed to maintain a due and proper lookout in the direction he was driving;

    d.    Failed to exercise care for the safety of other drivers;

    e.    Failed to devote full time and attention to the operation of a motor vehicle; and

    f.    Failed to pay attention to the road and to other vehicles at all times.

20.     Defendant Kevin Rigghianti was guilty of violating the following statutes of the State of Tennessee, each of which was in full force and effect at the time of the collision, the violations constituting negligence per se, and each and every one of which was a direct and proximate cause of the collision and injuries described herein.

    a.    T.C.A. Section 55-8-103    Required obedience to traffic laws - Penalty;

3

    b.     T.C.A. Section 55-8-115     <u>Driving on the right side of roadway</u>;

    c.     T.C.A. Section 55-8-123     <u>Driving on roadways laned for traffic</u>; and

    d.     T.C.A. Section 55-8-136     <u>Drivers to exercise due care</u>.

21. Defendant Kevin Rigghianti was guilty of violating the following ordinances of Shelby County, Tennessee, each of which was in full force and effect at the time of the collision, the violations constituting negligence per se, and each and every one of which was a direct and proximate cause of the collision and injuries described herein.

    a.     Sec. 24-116   <u>Duty to devote full time and attention to operating vehicle</u>;

    b.     Sec. 24-117   <u>Duty to drive at safe speed, maintain lookout and keep vehicle under control</u>;

    c.     Sec. 24-122   <u>Duty to drive on the right side of roadway</u>; and

    d.     Sec. 24-129   <u>Driving on divided streets</u>;

22. Defendant Kevin Rigghianti was guilty of violating the following ordinances of the City of Memphis, Tennessee, each of which was in full force and effect at the time of the collision, said violations constituting negligence per se and each and every one of which was a direct and proximate cause of the collision and injuries described herein.

    a.     Sec. 11-16-2   <u>Duty to devote full time and attention to operating vehicle</u>;

    b.     Sec. 11-16-3   <u>Duty to drive at safe speed, maintain lookout and keep vehicle under control</u>;

    c.     Sec. 11-16-8   <u>Duty to drive on right side of roadway</u>;

    d.     Sec. 11-16-14 <u>Driving on roadways laned for traffic</u>; and

    e.     Sec. 11-16-15 <u>Driving on divided streets</u>;

4

## DAMAGES

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

23.     As a direct and proximate result of the negligent acts and omissions of the Defendant described herein, Plaintiff Sonia Ahn was injured and damaged. The injuries and damages for which Plaintiff Sonia Ahn seeks compensation from the Defendant include, but are not limited to:

    a.    physical pain and suffering - past and future;

    b.    emotional suffering - past and future;

    c.    medical bills and expenses;

    d.    permanent impairment;

    e.    loss of enjoyment of life;

    f.    post-judgment interest;

    g.    statutory and discretionary costs; and

    h.    all such further relief, both general and specific, to which she may be entitled under the premises.

24.     As a direct and proximate result of the negligent acts and omissions of the Defendant described herein, Plaintiff John Ahn was injured and damaged. The injuries and damages for which Plaintiff John Ahn seeks compensation from the Defendant include, but are not limited to:

    a.    loss of love, society, affection, and consortium of his wife;

    b.    loss of services of his wife;

    c.    post-judgment interest;

d.    statutory and discretionary costs; and

e.    all such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

Plaintiffs incorporate by reference as if fully set forth each and every allegation in the Complaint.

25.    WHEREFORE, PREMISES CONSIDERED, Plaintiff Sonia Ahn sues the Defendant for her personal injuries and prays for a judgment against the Defendant for compensatory damages in an amount considered fair and reasonable by a jury, and that exceeds Twenty-Five Thousand Dollars ($25,000.00), and for all such further relief, both general and specific, to which she may be entitled under the premises.

26.    WHEREFORE, PREMISES CONSIDERED, Plaintiff John Ahn sues the Defendant for his personal injuries and prays for a judgment against the Defendant for compensatory damages in an amount considered fair and reasonable by a jury, and that exceeds Twenty-Five Thousand Dollars ($25,000.00), and for all such further relief, both general and specific, to which he may be entitled under the premises.

27.    **A JURY IS RESPECTFULLY DEMANDED.**

Respectfully submitted,

BAILEY & GREER, PLLC

Thomas R. Greer (#24452)
Josh Cannon (#35073)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580

7

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

Doren E. Hohl

NOV 0 5 2019

SERVICE OF PROCESS

SONIA AHN and JOHN AHN,

Plaintiffs,

v.

KEVIN RAGGHIANTI,

Defendant.

No. CT-4613-19

JURY DEMANDED

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS PROPOUNDED TO UNNAMED DEFENDANT
FARMERS INSURANCE COMPANY, INC.**

---

COME NOW the Plaintiffs, by and through the undersigned attorney, and pursuant to Tennessee Rules of Civil Procedure 26, 33 and 34, propound the following Interrogatories and Request for Production of Document to Unnamed Defendant Farmers Insurance Company, Inc. to be answered separately and fully under oath within Forty-Five (45) days of the date of service thereof. The Interrogatories and Request for Production of Documents are directed to the Defendant, but include inquiry regarding information within the knowledge of the Defendant, its attorneys, employees, or anyone else acting on its behalf. Further, the Interrogatories and Request for Production of Documents are to be considered continuing, requiring the supplementation of an answer in the event new information is obtained by the Defendant, its attorneys, employees, or any other persons acting on its behalf after the Defendant's original answers are served upon the Plaintiffs.

1

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Requests for Production of Documents served herewith, the following definitions and instructions shall apply:

[i]. As used herein, the terms "you," "your," or "yourself" refer to the Defendant, and each agent, representative, attorney, or other person acting or purporting to act for said Defendant.

[ii]. As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

[iii]. As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name, home address, home phone number, work address and work telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person or persons who own, operate, and control the business.

[iv]. As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or mode of conveying information, including but not limited to telephone, facsimile, any broadcast media or any other form, whether written or spoken.

[v]. As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, facsimile, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody or control.

[vi]. As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, wherever applicable, it should have the same

2

meaning as the word "and."

[vii]. With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

[viii]. The use of the past tense shall include the present tense and vice versa.

[ix]. If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefore.

## INTERROGATORIES

**INTERROGATORY NO. 1**:   State the full name, address, employer, and job title of the individual answering, or any individuals who participated in answering, these interrogatories and request for production of documents, and specify the nature of their relationship to the parties to this action.

**ANSWER:**

**INTERROGATORY NO. 2**:   Please state the full name, address, telephone number, employer, and job title of any person(s) **believed by or known to you** to have knowledge of the any of the circumstances relevant to the wreck and damages alleged in the Complaint, including not only the events of the wreck itself, but also the events immediately before and after the wreck and investigation of the wreck, and state the expected testimony of each alleged witness regarding this wreck.   For purposes of this Interrogatory, the "events immediately before and after the wreck" means approximately one hour before the wreck occurred until the last person who witnessed, was involved in, or responded to the scene of the wreck, respectively, left it.   PLEASE NOTE THAT PLAINTIFFS WILL OBJECT TO THE INTRODUCTION OF ANY TESTIMONY FROM WITNESSES NOT IDENTIFIED PURSUANT TO THIS

3

INTERROGATORY.

**ANSWER:**

**INTERROGATORY NO. 3:**   With respect to any expert witnesses you intend to call at the trial of this action, please identify the expert, state the subject matter upon which the expert is expected to testify, and state the substance of the facts and opinion to which the expert is expected to testify, and a summary of the grounds for each opinion.   In addition, please provide each witnesses's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

**ANSWER:**

**INTERROGATORY NO. 4:**   If you contend that any person or entity other than Defendant Kevin Ragghianti caused or contributed to the injuries alleged in the Complaint, please identify each such person or entity, state the factual basis of your contention and identify all persons known by you who know or claim to know the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 5:**   If you asserted any affirmative defense(s) in your Answer to the Complaint, please identify the affirmative defense and describe the facts and evidence that you intend to use to support such defense. Your answer should include the identification of all documents (by title, date, author, custodian and a summary of contents) that you intend to use to support the defense, all persons (by name, occupation, address, title, and relationship to the parties herein) who have knowledge of facts supporting the defense, and a description of the information or testimony that they are to present.

**ANSWER:**

4

**INTERROGATORY NO. 6:**   Please state whether you or any person acting on your behalf has obtained any statement from any person, including, but not limited to, the parties to this action, regarding the wreck described in the Complaint, and for each, please set forth the name of the person giving the statement, the date and place that the statement was given and whether the statement was handwritten, typewritten, tape recorded or video recorded.

**ANSWER:**

**INTERROGATORY NO. 7:**   Please identify all persons believed or known by you, your agents or attorneys, to have heard, or who is purported to have heard, the parties to this action make any statements or communications concerning the wreck or damages alleged in this action, and for each set forth the identity of the person who heard the statement(s), the contents of the statement(s) and the date, time and location of the statement(s).

**ANSWER:**

**INTERROGATORY NO. 8:**   Identify with specificity what actions, if any, you took after learning of the wreck described in this Complaint, including whether you conducted an investigation.   If you conducted an investigation, please identify all individuals who were involved in the investigation, the role of each individual in the investigation, and the relationship of each individual to you.

**ANSWER:**

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

---

**REQUEST NO. 1:**  Provide a complete and legible copy of each document identified, referred to, or relied upon in answering the Interrogatories listed above.   In responding to this

Request, please specify which document is responsive to which Interrogatory.

**RESPONSE:**

**REQUEST NO. 2:**    Please produce copies of all document(s), including, but not limited to, videotapes, photographs, drawings, diagrams, reports, memos, recreations, etc., in your possession, custody or control, related to, depicting or describing any persons or automobiles involved in the wreck, the scene of the wreck, or any other document(s) related to the wreck.

**RESPONSE:**

**REQUEST NO. 3:**    Please produce copies of any written or otherwise recorded witness statement(s) obtained from any person, including Plaintiffs, about any information relevant to any issue in this lawsuit, including, but not limited to, the issues of liability and damages.

**RESPONSE:**

**REQUEST NO. 4**:    Please produce a copy of any and all medical documents, records, reports and bills relating to Plaintiffs in your possession, whether or not the documents, records, reports and bills are for injuries sustained in the wreck, *unless previously obtained by you from the undersigned Plaintiffs' counsel.*    PLEASE NOTE THAT PLAINTIFFS WILL OBJECT TO THE ATTEMPTED INTRODUCTION OF ANY MEDICAL REPORTS, BILLS OR RECORDS THAT HAVE NOT BEEN FURNISHED TO PLAINTIFFS' COUNSEL PURSUANT TO THIS REQUEST FOR PRODUCTION.

**RESPONSE**:

**REQUEST NO. 5:**    Please produce a copy of all documents or things sent to and received from any expert who may testify at trial.

**RESPONSE:**

**REQUEST NO. 6:**    Please produce any documents obtained or obtainable by you which

6

Respectfully submitted,

BAILEY & GREER, PLLC

Thomas R. Greer (#24452)
Josh Cannon (#35073)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580

8

**TN** Department of
**Commerce &**
**Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

FIRST-CLASS

7018 2290 0001 0480 2503



PITNEY BOWES
US POSTAGE
02 1P          $ 007.25
0002601846    NOV 01 201
MAILED FROM ZIP CODE 37243

7018 2290 0001 0480 2503          10/30/19
MID-CENTURY INSURANCE COMPANY
6301 OWENSMOUTH AVENUE ATTN DORE.
WOODLAND HILLS, CA  91367

RECEIVED
NOV -5 2019
WH MAIL CENTER